UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JERRY DUNCAN, CHARLES T. EVANS, DAVID McBRIDE, RONALD E. FARLEY, LARRY J. SIMPSON, ROBERT B. BONDS, STEVE HINCH, CARL D. HEWITT, III and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEONARD J. MUZYN, LESLIE P. BAYS, ANTHONY L. TROYANI, JOHN M. HOSKINS, PHILLIP L. REYNOLDS, and JANET C. HERRIN,<br><br>Defendants. | Civil Action No. _____<br><br>Judge _____<br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, VIOLATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND VIOLATIONS OF ANTI-CUTBACK PROVISIONS UNDER INTERNAL REVENUE SERVICE CODE**

1. This is an action for breach of fiduciary duty, breach of contract, violation of privileges and immunities under the United States Constitution, and violations of the anti-cutback provisions of the Internal Revenue Service Code.

2. Plaintiffs are current and former participants and beneficiaries of the Tennessee Valley Authority Retirement System (TVARS). Defendants are the six (6) current members of the TVARS Board of Directors. Plaintiffs bring this action on behalf of a class of approximately 34,000 TVARS participants who are receiving or may receive a retirement benefit under TVARS who have suffered the loss of accrued and vested benefits effective January 1, 2010 due to the Defendants'

1

decision to alter or amend TVARS by improperly eliminating a cost of living adjustment (COLA), permanently reducing an interest rate accrual benefit, and adding a permanent requirement that participants who retire after January 1, 2010 will not be eligible for a COLA benefit until they reach age 60.

3. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331.

4. Plaintiffs Jerry Duncan, Charles T. Evans, David McBride, Ronald E. Farley, Larry J. Simpson, Robert B. Bonds, Steve Hinch and Carl D. Hewitt, III are natural persons, and are present and former employees of the Tennessee Valley Authority (TVA) who have a vested and accrued right to receive retirement benefits from TVARS.

5. TVARS was created in 1939 through adoption of Rules and Regulations providing for administration of TVARS by an independent Board of Directors and for the purpose of providing retirement benefits to TVA employees. The Rules and Regulations provide that the Board of Directors of the TVARS is to consist of seven members: three members appointed by TVA, three members elected by persons who are participants in TVARS, and a seventh member to be selected jointly by the other six members.

6. Defendants Leonard J. Muzyn, Leslie P. Bays, and Anthony L. Troyani comprise the members of the TVARS Board of Directors elected by persons who are participants in TVARS, while Defendants John M. Hoskins, Phillip L. Reynolds, and Janet C. Herrin comprise the members of the Board of Directors of the TVARS appointed by TVA. Although TVARS Rules and Regulations require the addition of a seventh member to serve on the Board of Directors, the three members of the Board of Directors appointed by TVA and the three members elected by the TVARS participants were unable to jointly agree upon a new seventh member when the term of office for a prior seventh member ended before the filing of the instant action.

7. The Rules and Regulations by virtue of which TVARS was created and operates provide a comprehensive framework for administration of the TVARS. The Rules and Regulations set forth a description of benefits available to participants and provide for funding of those benefits through contributions made by both TVA and participants. A participant's retirement benefit consists of a pension benefit provided by TVA's contributions and earnings on TVARS assets. The benefit may also include an annuity and/or lump sum benefit derived from the contributions by participants to the Fixed and/or Variable Funds and a 401(k) Plan. The pension benefit plus the annuity and 401(k), if applicable, compose a participant's total entitlement for retirement.

8. TVA is to contribute to TVARS amounts necessary on an actuarial basis to provide TVARS with assets sufficient to meet TVA-financed benefit obligations to be paid to participants. While participants are not required to make contributions to TVARS, participants are eligible to make voluntary contributions to TVARS' Fixed and/or Variable Funds unless they transferred their funds to the 401(k) Plan after May 1, 2005. Participants can also contribute to the 401(k) Plan, and TVA makes matching contributions. The Rules and Regulations treat a participant's retirement benefit derived from TVA contributions as accrued and vested after the completion of a defined length of service as an employee of TVA, and treat a participant's retirement benefit derived from his or her contributions as vested.

9. Because the Rules and Regulations treat benefits as accrued and vested, participants such as Plaintiffs and the class of persons they represent enjoy an unconditional ownership interest in their benefits and a fixed right of present or future enjoyment for those benefits as they have fulfilled the requirement for accrual and vesting of a retirement benefit.

10. The Rules and Regulations prevent any changes to accrued and vested benefits by amendment without a 30-day notice: "These Rules and Regulations may be amended by the board

from time to time, provided that the board gives at least 30 days' notice of the proposed amendment to TVA and to the members...".

11. The Rules and Regulations prevent the Board of Directors from reducing or eliminating accrued and vested benefits: "No amendment to these Rules and Regulations shall be adopted which will reduce the then accrued benefits of the existing members or beneficiaries which are nonforfeitable or covered by accumulated reserves and held therefor."

12. The assets held by TVARS to pay accrued and vested benefits declined by almost $3 billion between 2007 through March of 2009. The TVARS actuary recommended to the Board of Directors that TVA should make a contribution of $300 million for fiscal year 2010 absent benefit reductions or a significant improvement in investment earnings, and recommended TVA should contribute the same amount each year over the next 30 years to provide for long term actuarial stability of TVARS.

13. In a special called meeting on June 8, 2009, the members of the Board of Directors voted to request a contribution by TVA of $300 million for TVARS's fiscal year 2010. The request was communicated to TVA. Upon information and belief, TVA replied with a proposal to make a contribution of $1 billion for fiscal year 2010 on the condition that the Board of Directors (a) agree not to request additional contributions until TVARS' fiscal year 2014, (b) agree to revise the Rules and Regulations for the purpose of eliminating any COLA adjustment during a four-year fiscal period between 2010 and 2014, (c) permanently reduce an interest rate accrual benefit, and (d) impose a permanent requirement that participants who retire after January 1, 2010 would not be eligible for a COLA benefit until they reach age 60.

14. At a special called meeting on August 17, 2009, the TVARS Board of Directors entertained a motion to make changes in the Rules and Regulations as proposed by TVA in exchange

for the $1 billion contribution by TVA. A motion to amend was made to delay the vote on the motion in order to give the required 30 days' notice to participants in TVARS, but this amendment to the motion failed. Another motion to amend was made to delay the vote on the motion until a legal opinion about the proposed changes to the Rules and Regulations could be obtained from counsel other than attorneys from the office of TVA's General Counsel, but this motion failed. The original motion was then passed amending the Rules and Regulations as had been proposed by TVA.

15. Prior to action of the TVARS Board of Directors on August 17, 2009, among the accrued and vested retirement benefits for TVARS participants were the following: (a) certain participants who were retired were eligible to receive a COLA benefit for fiscal years 2010 to 2013 on an annual basis under a formula based upon the Consumer Price Index (CPI), but capped at 5%; (b) the interest rate used for accrual of balances in the name of some participants was 7.25% per annum; and (c) certain participants who retired were eligible to receive the COLA benefit before they reached age 60. Moreover, the TVARS Board of Directors was not restricted during a four year period from requesting TVA contributions based upon actuarial studies.

16. The action by the Board of Directors for TVARS on August 17, 2009 adopted the following changes to be effective January 1, 2010: (a) the COLA benefit was reduced so that for calendar year 2010, the COLA will be zero, for calendar year 2011, the COLA will be the change in CPI, capped at 3%, for calendar year 2012, the COLA will be zero, and for calendar year 2013, the COLA will be the change in the CPI, capped at 2.5%; (b) the interest crediting rate used for accrual of balances in the name of some participants was reduced to 6% from 7.25%; (c) participants who retire on or after January 1, 2010 will not receive a COLA until they reach the age of 60; and (d) the Board of Directors was precluded from requesting contributions from TVA based upon actuarial studies between fiscal year 2010 through fiscal year 2013.

5

Case 3:10-cv-00217    Document 1    Filed 03/05/10    Page 5 of 16 PageID #: 5

17. A publication of TVARS dated August 17, 2009 stated that the changes summarized in the preceding paragraph would result in an approximate $300 million reduction of required funding for benefits to TVARS participants.

18. Upon information and belief, on August 17, 2009 when the Board of Directors cast votes for the three motions described above at paragraph 14, Defendants Muzyn, Bays and Troyani who had been elected by persons who are participants in TVARS voted against passage of each such motion. As a result, Defendants Muzyn, Bays and Troyani are joined as Defendants under Fed. R. Civ. P. 19(a) so the Court can accord complete relief among all parties, and their joinder is also appropriate because if questions about the vote on August 17, 2009 were reconsidered by the Board of Directors, it is likely a deadlock would exist because the three members elected by TVARS participants and the three members appointed by TVA have not been able to jointly agree upon a new seventh member to take the place of the prior seventh member whose term of office has ended.

19. The decision of the Board of Directors on August 17, 2009: (1) breached the fiduciary duties to TVARS, Plaintiffs, and the Class; (2) caused TVARS to breach its contract with Plaintiffs and the Class; (3) deprived Plaintiffs and the Class of participants they represent of privileges and immunities guaranteed to them by the United States Constitution; and (4) violated the anti-cutback provisions of applicable Internal Revenue Service Code. The acts and omissions described above have injured the Plaintiffs and the Class in their persons and property.

20. Plaintiffs do not bring this action on behalf of the putative Class in bad faith or to harass Defendants. Plaintiffs bring this action to address faithless and disloyal conduct adversely affecting the Class and to hold Defendants accountable for such.

6

Case 3:10-cv-00217    Document 1    Filed 03/05/10    Page 6 of 16 PageID #: 6

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23. The proposed class is defined as:

> All existing members and beneficiaries of TVARS whose accrued and vested benefits were reduced effective January 1, 2010 as a result of the TVARS Board's adoption of changes to the TVARS Rules and Regulations on August 17, 2009.

Excluded from the Class are: (a) Defendants; (b) TVA and any entity in which TVA has a controlling interest, and their legal representatives, officers, directors, assignees, and successors; and (c) any co-conspirators. Also excluded from the Class is any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

22. The exact number of Class members is known to Defendants and their agents. On information and belief, at the very least the Class numbers approximately 34,000 thousand persons. The exact number of Class members can readily be determined by appropriate discovery. The Class is geographically dispersed across the United States, and thus is so numerous that joinder is impracticable in satisfaction of Fed. R. Civ. P. 23(a)(1). The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and will make this matter more manageable for the Court.

23. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. The factual and legal bases of Defendants' misconduct are common to all members of the Class and represent a common cause of injury to Plaintiffs and the Class members. Among the questions of law and fact common to the Class are:

- Whether and to what extent Defendants were fiduciaries;

7

- Whether and to what extent Defendants owed fiduciary duties to TVARS, its members and its beneficiaries;

- Whether Defendants breached fiduciary duties owed to TVARS, its members and its beneficiaries by failing to act prudently and solely in the interest of TVARS, its members and its beneficiaries;

- Whether Defendants caused TVARS to breach its contract with Plaintiffs and other members of the Class;

- Whether Defendants deprived Plaintiffs and the Class of participants they represent of privileges and immunities guaranteed to them by the United States Constitution;

- Whether Defendants' actions and omissions violated the anti-cutback provisions of applicable Internal Revenue Service Code;

- Whether TVARS, Plaintiffs and the members of the Class have sustained injury by reason of Defendants' actions and omissions; and

- Whether Plaintiffs and the Class are entitled to equitable and/or injunctive relief.

24. Plaintiffs' claims are typical of the claims of the Class, as required by Fed. R. Civ. P. 23(a)(3), in that Plaintiffs are members and beneficiaries of TVARS whose accrued and vested benefits were reduced by the actions of the TVARS Board on August 17, 2009.

25. Plaintiffs will fairly and adequately protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Plaintiffs have no interests that are antagonistic to or in conflict with the interests of the Class as a whole. Moreover, Plaintiffs have engaged competent counsel with substantial experience in employment benefits cases, including ERISA class actions concerning pension plans and other class and complex litigation. Plaintiffs and their counsel are committed to

the vigorous prosecution of this action to protect the interests of the Class as a whole and have the financial resources to do so.

26. This action is maintainable as a class action under each of the following provisions of Rule 23(b):

- Rule 23(b)(1)(A). The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendants.

- Rule 23(b)(1)(B). As a breach of fiduciary duty action for TVARS-wide relief, this is a classic Rule 23(b)(1)(B) class action. The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

- Rule 23(b)(2). Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

**COUNT I – BREACH OF FIDUCIARY DUTY**

27. During the Class Period, Defendants were fiduciaries of TVARS. The TVARS Rules and Regulations designate the TVARS Board of Directors as fiduciaries in stating that they "shall have the control over and the responsibility for the general administration of the System in accordance with the Trust Agreement and the Rules and Regulations…" The Rules and Regulations also give Defendants "sole and exclusive responsibility for determining under these Rules and

9

Regulations what benefits are payable by the Retirement System and to whom they shall be paid…" Defendants are also fiduciaries of TVARS by virtue of their exercising discretionary authority and control respecting the administration and management of TVARS and the disposition of its assets.

28. As fiduciaries, Defendants had the power, duty and responsibility to administrate TVARS consistent with the TVARS Trust Agreement and the Rules and Regulations, and thus were ultimately responsible for all aspects of the administration of TVARS. Defendants possessed authority to freeze, terminate or modify TVARS terms, but only to the extent consistent with the TVARS Rules and Regulations.

29. Defendants have a fiduciary duty to TVARS participants requiring that they not only fully comply with the Trust Agreement and the Rules and Regulations, but also that Defendants (a) discharge their duties with respect to TVARS solely in the interests of the participants and beneficiaries; (b) act with care, skill, diligence and prudence; and (c) act in accordance with the documents and instruments governing TVARS. The Defendants' fiduciary duty of undivided loyalty is a high and rigid standard of conduct, and should exclude any consideration of the interests of third parties such as TVA when making decisions concerning TVARS.

30. The action by the Board of Directors on August 17, 2009 constituted a breach of their fiduciary duties to participants in that:

(a) The action on August 17, 2009 was of no force or effect because the Rules and Regulations prevent any changes to accrued and vested benefits by amendment without a thirty-day notice. "These Rules and Regulations may be amended by the board from time to time, provided that the Board gives at least 30 days' notice of the proposed amendment to TVA and to the members ..."

(b)     The action on August 17, 2009 was of no force or effect because the Rules and Regulations prevent the Board of Directors from reducing or eliminating accrued and vested benefits: "No amendment to these Rules and Regulations shall be adopted which will reduce the then accrued benefits of the existing members or beneficiaries which are nonforfeitable or covered by accumulated reserves and held therefor."

(c)     The changes to the Rules and Regulations adopted on August 17, 2009 to reduce benefits for TVARS participants and to foreclose any request by TVARS to TVA for contributions between fiscal year 2010 through 2013 was in the best interest of TVA and not in the best interest of TVARS participants.  For example, since 1996 TVA has maintained a Supplemental Executive Retirement Plan (SERP) which as of October 1, 2008 had a pension benefit obligation of $43.2 million with only 35 participants; however, TVA has funded SERP since its inception, including six years during that period of time when no contributions to TVARS were made by TVA.

WHEREFORE, Jerry Duncan, Charles T. Evans, David McBride, Ronald E. Farley, Larry J. Simpson, Robert B. Bonds, Steve Hinch and Carl D. Hewitt, III request that the Board of Directors of TVARS be enjoined and directed to rescind the action on August 17, 2009 and restore all accrued and vested benefits, for costs of this action and a reasonable attorneys' fee, and for such other relief as may be appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT

31.     The Rules and Regulations constitute a contract between TVARS and the participants, and the action of the Board of Directors on August 17, 2009 constituted a breach of the contract between TVARS and participants in that:

(a)     Participants enjoy an unconditional ownership interest in benefits and a fixed right of present or future enjoyment for those benefits under the Rules and Regulations of TVARS,

11

and the action on August 17, 2009 eliminated or reduced the COLA benefit and interest crediting at 7.5%. Without a COLA benefit, a retired participant's total benefits will not increase each year at a level commensurate with the CPI, and the COLA benefit is inseparably tied to periodic retirement benefit payments as a means for maintaining the real value of those benefits. Without interest crediting at 7.5%, a retired participant's vested benefit will have been diminished.

(b) Entitlement to COLA benefits and interest crediting at 7.5% are contract rights of the Plaintiffs and the class they represent, and form a contractual relationship between Plaintiffs and the class of participants they represent when the participants effectively met accrual and vesting requirements.

(c) The action on August 17, 2009 was a breach of contract because the Rules and Regulations prevent any changes to accrued and vested benefits by amendment without a 30-day notice: "These Rules and Regulations may be amended by the board from time to time, provided that the board gives at least 30 days' notice of the proposed amendment to TVA and to the members...".

(d) The action on August 17, 2009 was a breach of contract because the Rules and Regulations prevent the Board of Directors from reducing or eliminating accrued and vested benefits: "No amendment to these Rules and Regulations shall be adopted which will reduce the then accrued benefits of the existing members or beneficiaries which are nonforfeitable or covered by accumulated reserves and held therefor."

WHEREFORE, Jerry Duncan, Charles T. Evans, David McBride, Ronald E. Farley, Larry J. Simpson, Robert B. Bonds, Steve Hinch and Carl D. Hewitt, III request that the Board of Directors of TVARS be enjoined and directed to rescind the action on August 17, 2009 and restore all accrued

12

and vested benefits, for costs of this action and a reasonable attorneys' fee, and for such other relief as may be appropriate under the circumstances.

### COUNT III – VIOLATION OF CONSTITUTIONAL RIGHTS

32. The action of the Board of Directors on August 17, 2009 deprived Plaintiffs and the class of participants they represent of privileges and immunities guarantied to them by the United States Constitution in that such action constituted the taking of private authority without just compensation (Fifth Amendment), and is a violation of the contract clause (Art. I, § 10) as applicable to TVARS by the due process clause of the Fifth Amendment because the property rights and contract rights of Plaintiffs and the class of persons they represent were abrogated or reduced.

WHEREFORE, Jerry Duncan, Charles T. Evans, David McBride, Ronald E. Farley, Larry J. Simpson, Robert B. Bonds, Steve Hinch and Carl D. Hewitt, III request that the Board of Directors of TVARS be enjoined and directed to rescind the action on August 17, 2009 and restore all accrued and vested benefits, for costs of this action and a reasonable attorneys' fee, and for such other relief as may be appropriate under the circumstances.

### COUNT IV – VIOLATION OF THE ANTI-CUTBACK RULE OF THE INTERNAL REVENUE CODE

33. TVARS is exempt from tax pursuant to the United States Internal Revenue Code ("IRC"), 26 U.S.C. § 401(a), which defines certain trusts and benefit plans that qualify for preferred tax status.

34. IRC Section 411(e), 26 U.S.C. § 411(e) provides that the vesting requirements in the IRC as of September 1, 1974 – the day prior to the enactment of the Employee Retirement Income Security Act ("ERISA") – are applicable to "governmental plans," as defined in Section 411. The effect of this section is to codify the pre-ERISA vesting requirements as applicable to governmental

plans, which are exempt from ERISA and from certain provisions of the IRC enacted to as part of the statutory framework surrounding ERISA.

35. 26 U.S.C § 401(a)(4) and § 401(a)(7) provided, on September 1, 1974:

401(a) Requirements for Qualification – A trust created or organized in the Unites States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section –

(4) if the contributions or benefits provided under the plan do not discriminate in favor of employees who are officers, shareholders, persons whose principal duties consist in supervising the work of other employees or highly compensated employees.

(7) A trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that, *upon its termination or upon complete discontinuance of contributions under the plan, the rights of all employees to benefits accrued to the date of such termination or discontinuance, to the extent then funded, or the amounts credited to the employees' accounts are non-forfeitable* (emphasis added). This paragraph shall not apply to benefits or contributions which, under the provisions of the plan adopted pursuant to regulations prescribed by the Secretary or his delegate to preclude the discrimination prohibited by paragraph (4), may not be used for designated employees in the event of early termination.

36. Pursuant to these provisions, which remain applicable to TVARS and other qualified government plans, all accrued and vested benefits in existence on the attainment by an employee of requirements for vesting are fully vested and cannot be subject to a pre- or post-retirement change.

14

37. As a qualified plan, TVARS is obligated to adhere to the requirements in IRC 411(e) – and thus the September 1, 1974 rules stated above – and is therefore prohibited from taking actions that would eliminate an accrued and vested entitlement to TVARS participants.

WHEREFORE, Jerry Duncan, Charles T. Evans, David McBride, Ronald E. Farley, Larry J. Simpson, Robert B. Bonds, Steve Hinch and Carl D. Hewitt, III request that the Board of Directors of TVARS be enjoined and directed to rescind the action on August 17, 2009 and restore all accrued and vested benefits, for costs of this action and a reasonable attorneys' fee, and for such other relief as may be appropriate under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court award the following relief:

1. An Order certifying the proposed Class, appointing Plaintiffs as Class representatives, and appointing Branstetter Stranch & Jennings, PLLC as Class counsel, pursuant to Fed. R. Civ. P. 23;

2. All actual damages suffered by Plaintiffs;

3. All costs incurred on behalf of Plaintiffs and the Class in litigating this action, including all expenses and attorneys' fees;

4. An Order enjoining Defendants to comply with their fiduciary duties and the Rules and Regulations of TVARS;

5. An award of pre-judgment and post-judgment interest;

6. All other relief, whether legal or equitable, as may be just and proper under the circumstances; and

7. A trial by jury on all matters contained herein that may be tried by jury.

DATED:  March 5, 2010                     Respectfully submitted,


                          s/Joe P. Leniski, Jr.
                          Joe P. Leniski, Jr., BPR 22891
                          James G. Stranch, III, BPR 2542
                          BRANSTETTER, STRANCH & JENNINGS, PLLC
                          227 Second Avenue North
                          Nashville, TN  37201
                          Tel.:  (615) 254-8801
                          Fax.:  (615) 255-5419
                          email:  jleniski@branstetterlaw.com
                          email:  jims@branstetterlaw.com


                          Attorneys for Plaintiffs