UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| JERRY DUNCAN, CHARLES T. EVANS, DAVID McBRIDE, RONALD E. FARLEY, LARRY J. SIMPSON, ROBERT B. BONDS, STEVE HINCH, CARL D. HEWITT, III and all others similarly situated<br>Plaintiffs | No. 3:10-cv-217<br>Judge Trauger<br>Magistrate Judge Brown |
| v. | Electronically Filed |
| TENNESSEE VALLEY AUTHORITY RETIREMENT SYSTEM and TENNESSEE VALLEY AUTHORITY,<br>Defendants | |

## AGREED PROTECTIVE ORDER

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, by agreement of the Parties to this action, and for good cause shown, it is hereby **ORDERED**:

1. As used in this order, the term "Protected Information" means information disclosed or produced during the course of this action by a party ("Producing Party") to any other party to this action ("Receiving Party") which the Producing Party deems in good faith to be confidential and designates as such in the manner specified below, including all copies and reproductions made of such information in whole or in part, and all non-privileged memoranda, summaries, or abstracts thereof.

2. A Producing Party shall designate information which it wishes to be Protected Information by marking or labeling the information "Confidential." Designation of documents or information as "Confidential" by a Producing Party shall not cause the same information, if already in the possession of a Receiving Party, or if obtained by a Receiving Party from another source, to become Protected Information.

3. If a party disputes whether a document or other material should be marked "Confidential," the parties shall attempt to resolve the dispute among themselves. If they are unsuccessful, the party challenging the "Confidential" designation shall do so by filing an appropriate motion.

4. Protected Information shall not be disclosed or used by a Receiving Party except for purposes of litigation of this action, including, but not limited to, settlement negotiations, pretrial proceedings, preparation for trial, trial, and any appeal.

5. The Receiving Party's attorneys may make such copies of Protected Information as they deem necessary for purposes of this proceeding. Any such copies shall be protected in the same manner as the originals.

6. Protected Information shall be produced by a Producing Party to the attorneys for the Receiving Party. The attorneys for a Receiving Party shall not disclose Protected Information except as follows:

(a) They may disclose Protected Information to other attorneys and to their staffs working with them for purposes of this action only, all of whom are bound by this order without signing a copy of it; and

(b) They may further disclose Protected Information to persons with whom they consult, or whom they retain, for purposes of preparation for trial, trial, other proceedings in this action (including settlements), or any appeal, provided that prior to such disclosure, the person to whom Protected Information is disclosed shall sign an agreement to be bound by this order as provided in Appendix A hereto after receiving an explanation of it from the Receiving Party's attorney, and is thereby subject to the authority of the Court for enforcement of this Order. The attorneys for the Receiving

Party shall instruct all persons to whom disclosure is made to return to them or to destroy any Protected Information at the conclusion of the case, including any notes or memoranda made from Protected Information. The attorneys for the Receiving Party shall then represent in writing to the attorneys for the Producing Parties that all such Protected Information has been destroyed. The terms of this order shall survive the conclusion of this proceeding.

7. Any Party who inadvertently fails to mark a Document the Party intended to be designated as "Confidential" (the "Unmarked Document") shall promptly, upon discovery of its oversight, provide written notice of the oversight and shall provide a substitute Document that is marked as "Confidential" as permitted by this Agreement. Any Party receiving such written notice shall retrieve the Unmarked Document from persons not entitled to receive Confidential Documents and, upon receipt of the substitute Document, shall return or destroy the Unmarked Document.

8. Any Producing Party who inadvertently discloses Documents that are privileged or otherwise protected from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request in writing that the Documents be returned. Within 10 days of receiving such a written request, the Receiving Party shall (i) return such inadvertently produced Documents to the Producing Party, including all copies; (ii) delete any versions of such inadvertently produced Documents maintained in electronic form, such as on any database the Receiving Party maintains; and (iii) make no use of the information contained therein. The Receiving Party may thereafter seek re-production of any such Documents pursuant to applicable law. Once the Producing Party requests that the Receiving Party return the Documents and at all times thereafter, the Receiving Party shall neither refer to the privileged or

protected material in any manner (whether written or oral, in any interrogatory, request for admission, document request, interview, deposition, oral argument, trial or submission to the Court) nor disclose the substance of that material to any third party, except that the Receiving Party may reference the claimed privilege or protected material in order to challenge the designation as privileged or otherwise protected with the Court in an *in camera* filing challenging such claim of privilege or protection.

9. Any attorney may share Protected Information with a witness being deposed, provided that the portions of the transcript (including exhibits) containing Protected Information may be designated as "Confidential" by any counsel in accordance with this order, and provided further that prior to such disclosure the deponent and any other persons present other than the parties' attorneys and the official reporter sign a copy of this order as provided in paragraph 6(b) or agree on the record of the deposition to be bound by this order. If a witness being deposed is asked about or asked to divulge Protected Information, any attorney with an interest in protecting that information may, at the deposition or within 30 days of receipt of the transcript, designate that portion of the transcript (including exhibits, if any) as "Confidential" subject to the same restrictions as above.

10. If any party wishes to file, or use as an exhibit or as evidence at a hearing or trial, any Protected Information, s/he must provide reasonable notice to the party that produced the document or material. The parties shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "Confidential" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, then the party may file the Protected Information under seal with a notation

that access is restricted pursuant to this order until such time that the Court resolves the disputed issue of continued confidentiality.

11. The Receiving Party shall make no disclosures of Protected Information not expressly permitted by this order without the prior written consent of the Producing Party's attorneys. If the Receiving Party is unable to obtain such consent, the Receiving Party may file a motion with the Court for an order permitting such additional disclosure, provided that the Producing Party's attorneys are given at least 10 days' written notice of the motion to permit the Producing Party's attorneys to object. If the Producing Party's attorneys file timely written objections, disclosure shall not be made unless the Court overrules the objections. If the Court grants the Receiving Party's motion, the terms of this order shall govern any disclosures unless the Court expressly orders otherwise. Provided, however, that if the Receiving Party wishes to file, or use as an exhibit or as evidence at a hearing or trial, Protected Information and is unable to provide 10 days' written notice or obtain the Producing Party's agreement to such disclosure prior to such disclosure being made, then the Receiving Party may file the Protected Information under seal with a notation that access is restricted pursuant to this order until such time that the Court resolves the disputed issue of continued confidentiality. The Producing Party shall have the initial burden to show that the information in dispute is Protected Information. *See supra*.

12. Nothing in this Order shall prevent the parties from using or disclosing their own documents or information, regardless of whether they are designated confidential.

13. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

14. The terms of this Order shall survive the conclusion of this action.

IT IS SO ORDERED THIS 8th DAY OF FEBRUARY, 2011.

_____
UNITED STATES DISTRICT JUDGE

We hereby approve and consent to the entry of this order:

| For Plaintiffs | For Defendant Tennessee Valley Authority |
|---|---|
| BRANSTETTER, STRANCH, & JENNINGS, PLLC | Ralph E. Rodgers<br>Acting General Counsel |
| /s/R. Jan Jennings<br>R. Jan Jennings (TN BPR No. 1536)<br>227 Second Avenue North<br>Nashville, Tennessee 37201<br>Email: janj@branstetterlaw.com | Harriet A. Cooper<br>Assistant General Counsel<br><br>/s/Edward C. Meade<br>Edward C. Meade (TN BPR No. 024598)<br>Attorney |
| **For Defendant Tennessee Valley Authority Retirement System** | Jodie A. Birdwell<br>Attorney |
| BRADLEY ARANT BOULT CUMMINGS, LLP | Tennessee Valley Authority<br>Office of the General Counsel |
| /s/ John M. Scannapieco<br>John M. Scannapieco (TN BPR No. 14473)<br>1600 Division Street, Suite 700<br>P.O. Box 340025<br>Nashville, Tennessee 37203-0025<br>(615) 252-2352<br>jscannapieco@babc.com | 400 West Summit Hill Drive<br>Knoxville, Tennessee 37902-1401<br>Telephone 865-632-2577<br>Facsimile 865-632-6718 |
| James S. Christie, Jr.<br>*Pro Hac Vice*<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203-2119<br>(205) 521-8000<br>jchristie@babc.com | |

# APPENDIX A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JERRY DUNCAN, CHARLES T. EVANS,
DAVID McBRIDE, RONALD E. FARLEY,
LARRY J. SIMPSON, ROBERT B. BONDS,
STEVE HINCH, CARL D. HEWITT, III and
all others similarly situated
Plaintiffs

No. 3:10-cv-217
Judge Trauger
Magistrate Judge Brown

v.

TENNESSEE VALLEY AUTHORITY RETIREMENT
SYSTEM and TENNESSEE VALLEY AUTHORITY,
Defendants

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby state that I have read, understood, and been provided a copy of the agreed protective order entered in this action, and that I agree: (1) to be bound by the protective order while this suit is pending and after it is concluded, and to submit to the jurisdiction of this Court for its enforcement; (2) not to copy Protected Information or disclose it or any information derived from it to any other person except as requested by an attorney for a Party; (3) to destroy or return to an attorney for a Party all documents containing Protected Information (including all notes and memoranda made therefrom which may contain or reveal the substance thereof) at the attorney's request; and (4) to use the Protected Information only for purposes related to my involvement in this litigation.

(Signature)_____    Dated: _____

Printed Name: _____
Company Represented: _____
Residence Address: _____
_____
Telephone No.: _____